UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60845-CIV-MARRA/JOHNSON

L.M.P., on behalf of,
E.P., D.P., and K.P., minors, and
L.M.P., on behalf of all other similarly
situated children,

    Plaintiffs,

vs

THE SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

    Defendant,

_____/

C.C. and P.C. on behalf of all other similarly
situated disabled children,

    Plaintiffs,

vs

THE SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

    Defendant.

_____/



FILED by _____ D.C.

AUG 18 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on the Following Motions: (1) Plaintiffs' Motion to Compel Defendant's Better Responses to Interrogatories and Request for Production and for Protective Order Re: Educational Records (D.E. #206); (2) Plaintiffs' Motion to Compel

1

Defendant's Supplemental Responses to Plaintiff's Interrogatory No. 1 and Request for Production No. 1 (D.E. #208); (3) Plaintiff's Motion to Compel Defendant's Response to Plaintiff's Request for Production served April 16, 2009 (D.E. #229); and, (4) Plaintiff's Unopposed Motion for Extension of Time to File Reply (D.E. #214). These motions shall be addressed in turn.

This is an action by Plaintiff, a child with an Autism Spectrum Disorder ("ASD"), on behalf of others similarly situated, against the Broward County School Board ("School Board"), alleging an action under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"), for denial of his right to receive a free and appropriate public education. In his Complaint, Plaintiff alleges the School Board impermissibly predetermines placement of autistic children, and, subjects children with ASD to an illegal policy of removal from the public school system and segregation in insular private schools solely for disabled children, despite the fact a free and appropriate public education can be provided in a less restrictive public school. Compl. ¶45.

### Plaintiffs' Motion to Compel Defendant's Better Responses to Interrogatories and Request for Production and for Protective Order Re: Educational Records (D.E. #206)

Plaintiffs' Motion to Compel Defendant's Better Responses to Interrogatories and Request for Production and for Protective Order Re: Educational Records (D.E. #206) is granted in part and denied in part as follows:

Plaintiff's Motion as it relates to Interrogatories 1 and 2 is granted in part. Despite the School Board's general objections to these interrogatories, it responded, in a Supplemental Answer and a Second Amended Answer, that the Fla. Dept. of Education

does not track FEFP matrix of service by specific eligibilities such as autism, but that a certain report referred to as CAPOR "will state for annual direct cost, the impact on the general budget and the percent of revenue as it pertains to the direct cost, school cost and total cost." The School Board then goes on to state that said CAPOR reports for the years in question have been requested and will be produced upon receipt. Plaintiff concedes in his Reply that such reports have since been provided. Rather than "rewriting" the interrogatories as Plaintiff claims, it would appear from the responses provided that the School Board is not in possession of the answers Plaintiff seeks, and has offered instead, a report (the CAPOR), which will provide the closest information to that requested. The Court agrees with Plaintiff that the information requested is directly relevant to these proceedings and in no way overly broad or unduly burdensome. However, the Court cannot ask Defendant to provide answers that it itself does not have. Accordingly, the School Board is directed to review its answers to Interrogatories 1 and 2 again and, to the extent it can provide any additional information responsive to the interrogatories other than the CAPORs referred to, supplement its answers accordingly within ten (10) days from the date hereof. If the School Board is unable to supplement its answers to these interrogatories, it is required to provide Plaintiff, within ten (10) days from the date hereof, with a verified statement to the effect that it has carefully reviewed the assertions made in Plaintiff's Motion and Reply with reference to these interrogatories which contradict the School Board's claims that it is not in possession of the information sought, and has confirmed that it is not in fact in possession of the requested information.

Plaintiff's Motion as it relates to Interrogatory No. 4 is granted in part. Once again,

rather than "rewriting" the interrogatory as Plaintiff claims, it would appear that Defendant has simply answered the interrogatory to the best of its ability by identifying the policy it has followed for the years in question (the Specially Designed Instruction and Related Services for Exceptional Students) and specifically adding that ""[n]o additional policy, procedure or form exists to include ABA on a student's IEP." From the statements made in Plaintiff's Motion and Reply, it seems as if Plaintiff simply doesn't like the response provided. Nonetheless, in light of Plaintiff's assertions that there are other policies out there which the School Board is refusing to identify, the School Board is directed to review its answer to Interrogatory 4 again and, to the extent it can provide any additional information responsive to the interrogatory other than the Specially Designed Instruction and Related Services for Exceptional Students referred to, supplement its answer accordingly within ten (10) days from the date hereof.

Plaintiff's Motion as it relates to Production Requests 7, 8, 10, 13, 14, 16, 17, 25, 31, 32, and 39 is granted as follows. Despite its various objections, Defendant has represented that all documents responsive to these requests have either been produced or are in the process of being produced. According to Plaintiff, documents responsive to these requests have in fact not been produced. Accordingly, to the extent Defendant has not yet made full and complete production of all documents responsive to these requests, Defendant has ten (10) days within which to produce same. Furthermore, to the extent any such production was not accompanied by a formal signed response which complies in all respects with the Federal Rules of Civil Procedure, Defendant is ordered to produce same with ten (10) days from the date hereof. Plaintiff's request for attorney's fees is denied.

Plaintiff's Motion as it relates to Production Request 9 is granted. The Court agrees with Plaintiff that Defendant's response to this request is evasive, in that Plaintiff's request is not limited to "correspondence," but asks for all documents which would include those the School Board was required by state statute and administrative rule to send to the Fla. Dept. of Edu. (FDOE) for its mandatory approval of private school contracts. Accordingly, Defendant is ordered to fully and completely respond to the subject request within ten (10) days from the date hereof. Plaintiff's request for attorney's fees is denied.

Plaintiff's Motion as it relates to Production Request 11 is granted. The Court agrees with Plaintiff that Defendant's response to this request is evasive, in that Plaintiff's request is not limited to documents relative to "curriculum," but asks for all documents "which relate to the methodology, curriculum and assessment to be used to instruct children with an autism spectrum disorder..." Accordingly, Defendant has ten (10) days from the date hereof to fully and completely produce all documents which relate to methodology, curriculum and assessments used at the private schools where ASD children are segregated. Plaintiff's request for attorney's fees is denied.

Plaintiff's Motion as it relates to Production Request 12 and 26 is denied. Defendant has fully and completely responded to the subject requests by stating, as to No. 12, that there are no documents responsive to the request as the staff provides observations and verbal feedback programs, and as to No. 26, that there are no documents responsive to the request as school-based administration evaluates instructional staff. To the extent the Court has misread Defendant's responses and there are, in fact, documents which set forth instructions on how observations are to be made

and feedback is to be given, and/or documents relating to the evaluation by school-based administration, whether objective or subjective, of instructional staff, Defendant is ordered to supplement its response to this request accordingly, within ten (10) days from the date hereof. Plaintiff's request for attorney's fees is denied.

Plaintiff's Motion as it relates to Production Request 15 and 24 is granted as follows. The Court agrees with Plaintiff that the information requested is directly relevant to the claims and defenses in this case and utterly crucial to proving Plaintiff's assertion, which is the underpinning of the instant suit, that the School Board impermissibly carries out a policy of predetermination as it relates to a parent's request for ABA for a child with ASD. Under these circumstances, the School Board may not hide behind confidentiality objections based on FERPA and state law. See Rios v. Read, 73 F.R.D. 589 (E.D. N.Y. 1977)(in view of the significant role of private lawsuits in ending various forms of discrimination in the school system, FERPA should not serve as a cloak for alleged discriminatory practices); Regusa v. Malverne Union Free Sch. Dist., 549 F.Supp. 2d 288, 290-91 (E.D. N.Y. 2008)(where a requesting party demonstrates a genuine need for information that outweighs the privacy interest of students, the disclosure of information is appropriate). Both the FERPA and the Florida Statute permit the disclosure of student records upon an order from a court of competent jurisdiction. 34 C.F.R. §99.31(a)(9)(I); Fla. Stat. §1002.22(b). For the aforementioned reasons, the Court finds that in this case, the need of Plaintiff to the information in question outweighs the privacy interests of the students. This is especially true here, where Plaintiff has attached to his Motion a proposed protective order, which, among other things, orders Plaintiff not to disseminate

the subject information to anyone other than the parties and their experts and only for purposes of this case. Simultaneously with the signing of the within Order, the Court has signed the subject Protective Order and filed it separately of record.

Plaintiff's Motion as it relates to Production Request 20 is granted. Contrary to Defendant's objections, the information sought is relevant as they may lead to the discovery of evidence relating to the tracking of services provided by the School Board to children with ASD. Further, the information is not, as Defendant claims, overbroad in either time or scope. Defendant is ordered to produce documents subject to this request within ten (10) days from the date hereof. Plaintiff's request for Attorney's fees is denied.

Plaintiff's Motion as it relates to Production Request 23 is granted. It is unclear from Defendant's various responses what correspondence it alleges is compliant with Plaintiff's request. Accordingly, Defendant is required, within ten (10) days from the date hereof, to provide a formal response to Request 23 which identifies all responsive documents which have been produced to date and as to any responsive documents not yet produced, for the years 2000 to the present, produce same within the same time period.

Plaintiff's Motion as it relates to Requests 27 and 28 is granted. These requests specifically exempt from disclosure the production of personally identifiable information, so that neither FERPA nor state law preclude production. Furthermore, the protective order referred to previously will apply to quell any concerns relating to disclosure of the information requested. Defendant's additional objection on the ground of overbreadth is rejected. Defendant is ordered to fully and completely respond to the subject request within ten (10) days from the date hereof.

Plaintiff's Motion as it relates to Request 29 is granted. To the extent not already produced, Defendant is ordered to produce not only the subject CAPOR reports but also the committee reports identified in the respective CAPOR reports, within ten (10) days from the date hereof.

Plaintiff's Motion as it relates to Requests 34 and 35 is granted. Contrary to Defendant's contention, these requests are relevant as they may lead to the discovery of relevant evidence as relates to the School Board's alleged policies of discrimination and predetermination and are not in any way overly broad or unduly burdensome. Defendant is required to provide full and complete responses to these requests within ten (10) days from the date hereof. Plaintiff's request for attorney's fees is denied.

Plaintiff's Motion as it relates to Requests 36, 38 and 41 is denied. This is another case where rather than Defendant failing to provide a meaningful response to the discovery requested, Plaintiff simply doesn't like the response provided. Defendant has plainly and clearly stated no documents responsive to these requests exist. There is nothing more the Court can or should require.

Plaintiff's Motion as it relates to Request 37 is granted. Contrary to Defendant's contention, this request is relevant as it may lead to the discovery of relevant evidence as relates to the School Board's alleged policies of discrimination and predetermination. Further, Defendant's objections on the basis of overbreadth and overburdensomeness are not substantiated. The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Lane v. Capital Acquisitions, 242 F.R.D. 667, 670 (S.D. Fla. 2005). "'Instead, the objecting party must

"show specifically how, despite the broad and liberal construction afforded the federal discovery rules, ... each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" Id. (quoting Compagnie Francaise d'Assurance Pour leCommerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D. N.Y. 1984)). Defendant is required to provide full and complete responses to these requests within ten (10) days from the date hereof. Plaintiff's request for attorney's fees is denied.

On page 16, footnote 8, of the Motion Plaintiff contends that Defendant has failed to provide formal verification of its interrogatory and production request responses and supplemental responses. Defendant fails to address this claim in its Response in Opposition to the Motion. To the extent such formal verification has not been provided, the School Board is ordered to provide same to Plaintiff within ten (10) days from the date hereof.

That portion of Plaintiff's Motion seeking entry of the proposed protective order attached to the Motion, is granted. Simultaneously with the signing of the within Order, the Court has signed the subject Protective Order and filed it separately of record.

### Plaintiffs' Motion to Compel Defendant's Supplemental Responses to Plaintiff's Interrogatory No. 1 and Request for Production No. 1 (D.E. #208)

Plaintiffs' Motion to Compel Defendant's Supplemental Responses to Plaintiff's Interrogatory No. 1 and Request for Production No. 1 (D.E. #208) is granted in part as follows. In its Response, Defendant claims that since the filing of the Motion, Defendant has made full and complete discovery as relates to the subject requests, thus, rendering the Motion moot. For its part, Plaintiff contends the responses provided are unclear.

9

Accordingly, the Court orders the Defendant supplement its responses to Interrogatory 1 and Production Request 1 served November 6, 2006, to state whether all documents in its possession or control which relate to the Triplets have been produced, and if not, produce same within ten (10) days from the date hereof. Plaintiff's request for attorney's fees is denied.

### Plaintiff's Motion to Compel Defendant's Response to Plaintiff's Request for Production served April 16, 2009 (D.E. #229)

Plaintiff's Motion to Compel Defendant's Response to Plaintiff's Request for Production served April 16, 2009 (D.E. #229) is granted by default, pursuant to and in accordance with Local Rule 7.1C, as a result of Defendant's failure to file a response in opposition to the Motion. Defendant is ordered to fully and completely respond to the subject requests within ten (10) days from the date hereof.

### Plaintiff's Unopposed Motion for Extension of Time to File Reply (D.E. #~~14~~ 214)

Plaintiff's Unopposed Motion for Extension of Time to File Reply (D.E. #~~14~~ 214) is granted.

In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED AS FOLLOWS:**

(1) Plaintiffs' Motion to Compel Defendant's Better Responses to Interrogatories and Request for Production and for Protective Order Re: Educational Records (D.E. #206) is **GRANTED IN PART AND DENIED IN PART** in accordance with the terms of the within Order;

(2) Plaintiffs' Motion to Compel Defendant's Supplemental Responses to Plaintiff's Interrogatory No. 1 and Request for Production No. 1 (D.E. #208) is **GRANTED** in

10

accordance with the terms of the within Order;

(3) Plaintiff's Motion to Compel Defendant's Response to Plaintiff's Request for Production served April 16, 2009 (D.E. #229) is **GRANTED BY DEFAULT PURSUANT TO AND IN ACCORDANCE WITH LOCAL RULE 7.1C** in accordance with the terms of the within Order; and,

(4) Plaintiff's Unopposed Motion for Extension of Time to File Reply (D.E. #~~14~~ 214) is **GRANTED** *nunc pro tunc*.

**DONE AND ORDERED** this August 18, 2009, in Chambers, at West Palm Beach, Florida.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE


CC: The Honorable Kenneth A. Marra
All Counsel of Record